# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERMAN COAST PROVISION, LLC,** *Plaintiff* <br><br> **VERSUS** <br><br> **NAUTILUS INSURANCE COMPANY,** *Defendant* | **CIVIL ACTION NO.** <br><br> **JUDGE:** <br><br> **MAGISTRATE JUDGE:** |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Nautilus Insurance Company ("Nautilus"), and, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, hereby removes the lawsuit entitled "*German Coast Provision, LLC v. Nautilus Insurance Company*," Docket No. 78497, Division "C" on the docket of the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana (the "Lawsuit"), to the United States District Court for the Eastern District of Louisiana, and shows unto this Court as follows:

**1.**

Plaintiff, German Coast Provision, LLC ("Plaintiff"), instituted the Lawsuit by filing a Petition for Breach of Contract and Damages (the "Petition") on August 29, 2023, in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana. A copy of all process, pleadings and orders served on Nautilus are attached hereto as Exhibit "1."

**2.**

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

**3.**

The Lawsuit is removed on grounds of 28 U.S.C. § 1332 diversity of citizen jurisdiction.

## COMPLETE DIVERSITY OF CITIZENSHIP

**4.**

Plaintiff is a limited liability company whose sole members, Matthew Moreland and Jarred Zeringue are domiciled in and citizens of the State of Louisiana. *See*, Exhibit 1, Petition, at unnumbered paragraph preceding Paragraph 1. *See also*, Exhibit "2" – Secretary of State's records for Plaintiff. Thus, Plaintiff is a citizen of the State of Louisiana for purposes of diversity jurisdiction. *See*, *Harvey v. Grey Wolff Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of an LLC is determined by the citizenship of all of its members").

**5.**

Nautilus is a corporation organized under the laws of the State of Illinois and with its principal place of business in Scottsdale, Arizona. Accordingly, Nautilus is a citizen of Arizona for purposes of diversity jurisdiction. *See*, Exhibit "3," Louisiana Department of Insurance details for Nautilus.

**6.**

There is a complete diversity of citizenship between Plaintiff and Nautilus.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

**7.**

Plaintiff allegedly owns certain property located at 769 West Fifth, LaPlace, Louisiana 70068 (the "Property"). *See*, Exhibit 1, Petition, at Paragraph 4.

**8.**

Nautilus issued to Plaintiff an insurance policy bearing Policy No. NN1124241 (the "Policy"), which provides certain insurance coverage for loss of or damage to the Property, subject

to the Policy's terms, conditions, limitations, and exclusions. *See*, Exhibit 1, Petition, at Paragraph 5.

9.

Plaintiff alleges that the Property was damaged as a result of Hurricane Ida. *See*, Exhibit 1, Petition, at Paragraph 6.

10.

Plaintiff alleges, among other things, that Nautilus was required under La. R.S. § 22:1892 to "pay the amount of any claim due to its insureds within thirty (30) days after receipt of satisfactory proof of loss…" and that Nautilus failed to do so. As a result, Plaintiff further claims that Nautilus is liable to Plaintiff for penalties and attorney's fees under La. R.S. § 22:1892. *See*, Exhibit 1, *Petition*, at Paragraphs 9, 14, 15, 17, and 18.

11.

The penalty under La. R.S. § 22:1892 is "fifty percent damages on the amount found to be due . . . or two thousand five hundred dollars, whichever is greater." *See* La. R.S. § 22:1892(B)(1)(a).

12.

As of the filing of this Notice of Removal, Nautilus has paid Plaintiff $306,569.39 under the Policy for Hurricane Ida-related damage to the Property.

13.

If Plaintiff was to prevail on its claim for statutory penalties under La. R.S. § 22:1892 on that amount (which Nautilus denies), the statutory penalty, alone, would be at least $153,284.70, *e.g.*, "fifty percent damages on the amount found to be due." *See Hemphill v. State Farm Fire & Cas. Co.*, Civ. Action No. 07-6735, 2008 WL 2782853, *2 (E.D. La. Jul. 15, 2008) (holding that

a claim for statutory penalties under La. R.S. § 22:1892 "should be factored into the amount in controversy determination").

**14.**

Based on the foregoing, the amount in controversy is at least $153,284.70, plus attorney's fees. *See Doskey v. Travelers Ins. Co.*, 2008 WL 170045, at *2 (E.D. La. Jan. 15, 2008) ("However, Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim, and Plaintiff has requested such punitive damages. This Court must consider these fees and penalties when it assesses the amount in controversy.").

**15.**

Thus, the damages Plaintiff seeks to recover exceed $75,000.

**REMOVAL IS PROPER**

**16.**

The amount in controversy exceeds the requisite jurisdictional amount of $75,000.

**17.**

This is a civil action over which this Court currently has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which is removable to this Court pursuant to 28 U.S.C. § 1441(a), in that this action is between citizens of different states. Therefore, pursuant to 28 U.S.C. § 1441, this case may be removed from the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

**18.**

A copy of this Notice of Removal has been filed this day with the Clerk of Court for the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, as provided by law, and is being served upon all counsel of record. A copy of the State Court Notice of Removal

to the Clerk of Court for the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, is attached hereto as Exhibit "4".

## REMOVAL IS TIMELY

**19.**

The notice of removal of a civil action or proceeding shall be filed within thirty days from the defendant's actual receipt of a copy of the Petition. *See*, 28 U.S.C. § 1446(b); *Hibernia Cmty. Dev. Corp. v. U.S.E. Cmty. Servs. Group*, 166 F. Supp. 2d 511, 513, (E.D. La. 2001).

**20.**

When a foreign defendant, such as Nautilus, is served with process through a statutory agent, such as the Louisiana Secretary of State, the thirty-day period in which the defendant can remove commences on the defendant's actual receipt of a copy of the pleading, not upon service on the statutory agent. *See*, *Hibernia Cmty. Dev. Corp*.,166 F. Supp. 2d at 513.

**21.**

Removal is timely under 28 U.S.C. § 1446(b)(1) because the Plaintiff served Nautilus, a foreign defendant, through Nautilus's statutory agent, the Louisiana Secretary of State; the Secretary of State placed a copy of the Petition in the U.S. Mail to Nautilus on January 24, 2024, within thirty days of this Notice of Removal.  *See*, Exhibit 1, at Return of Service.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Nautilus prays that this Notice of Removal be deemed good and sufficient as required by law, that the captioned matter be removed from the 40th Judicial District Court for the Parish of St. John the Baptist the Baptist, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and that this Court have and assume full and complete jurisdiction thereof, issuing all necessary orders and granting all general and equitable relief to which Nautilus is entitled, and that all further proceedings in the state court be discontinued.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Ryan P. Telep*
Douglas M. Kleeman (Bar No. 31221)
Ryan P. Telep (Bar No. 37892)
William L. Grace V (Bar No. 40795)
Canal Place | 365 Canal Street, Ste. 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile:  504-568-9130
E-mail: doug.kleeman@phelps.com
ryan.telep@phelps.com
laughlin.grace@phelps.com

**ATTORNEYS FOR DEFENDANT,
NAUTILUS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

*/s/ Ryan P. Telep*
Ryan P. Telep (Bar No. 37892)

- 6 -

PD.44436704.1